UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| RAFAEL DIAZ, | ) |
| Petitioner, | ) Civil Action No. 13-271-KSF |
| v. | ) |
| WARDEN FRANCISCO QUINTANA, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Rafael Diaz is an inmate incarcerated at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Diaz has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1, 3] and has paid the $5 filing fee. [R. 4]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Diaz's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's

factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On January 25, 2000, Diaz was convicted in the United States District Court for the Eastern District of Michigan of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. §§ 841, 846 and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). On December 11, 2000, Diaz was sentenced to a cumulative 360-month term of incarceration to be followed by a three-year term of supervised release. *United States v. Diaz*, No. 99-80241 (E.D. Mich. 2000). The Sixth Circuit Court of Appeals affirmed Diaz's conviction and sentence on direct appeal. *United States v. Diaz*, 38 F. App'x 244 (6th Cir. 2002). Diaz filed a motion to vacate his sentence under 28 U.S.C. § 2255 in 2003, which the trial court denied; a second attempt to file a § 2255 motion in 2009 was ultimately denied by the Sixth Circuit for failure to cure a procedural defect.

In his petition, Diaz contends that (1) he was arrested in Michigan for crimes which were not committed "within the special maritime and territorial jurisdiction of the United States" under 18 U.S.C. § 7; (2) the trial court's rejection of his jurisdictional challenge violated his right to due process under the law; (3) his rights under the Tenth Amendment were violated; (4) his incarceration under an invalid conviction violated the Eighth Amendment; (5a) his sentence to a mandatory minimum term under 21 U.S.C. § 841(b)(1)(B) was improper because he was not charged with conspiracy with intent to distribute the minimum amount of controlled substance necessary to trigger the

2

mandatory minimum; (5b) he should have been sentenced as a "Category II" rather than a "Category III"; (5c) his sentence exceeded the statutory maximum provided by 21 U.S.C. § 841(b)(1)(C); and (6) he has served a sentence exceeding the maximum duration permitted by law for his offenses. Beyond the single paragraph identifying the general nature of each of his claims, Diaz offers neither a factual basis for nor any legal argument in support of his claims. [R. 1-3, pp. 1-3]

The Court must deny Diaz's petition because he may not assert his claims in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th

Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F.Appx. 13, 15 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

None of Diaz's claims fall within this narrow exception. Diaz could have – and did – challenge the trial court's jurisdiction to try him for the federal offenses set forth in the indictment both prior to trial and in a subsequent motion under § 2255, both without success. Diaz also challenged the sentence imposed on direct appeal, which the Sixth Circuit rejected. Because his claims relate to matters which could have been and indeed were asserted during his criminal trial and direct appeal, they are not cognizable in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. These claims, even if meritorious, did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. They are, therefore, not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("claims of sentencing error may not serve as the basis for an actual

innocence claim."); *Eiland v. Rios*, No. 7:07-CV-83-GFVT (E.D. Ky. 2007), aff'd, No. 07-5735 (6th Cir. Nov. 28, 2007) ("To date, the savings clause has only been applied by this court to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction that were previously unavailable for attack in a motion to vacate."). His petition will be denied.

Accordingly, **IT IS ORDERED** that:

1. Diaz's motion to expedite ruling on his petition for a writ of habeas corpus [R. 5] is **GRANTED**.

2. Diaz's petition for a writ of habeas corpus [R. 1, 3] is **DENIED**.

3. The Court will enter a judgment contemporaneously with this order.

4. This matter is **STRICKEN** from the docket.

This February 6, 2014.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**